

Justin Lonergan
601 W. Riverside Ave., Ste. 900
Spokane, Washington 99201
509.624.7606
Attorney for Hector Saul Iraheta-Mercado

# United States District Court
## Honorable James A. Goeke

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        v.<br><br>Hector Saul Iraheta-Mercado,<br><br>                    Defendant. | No. 2:25-mj-00454-JAG<br><br>Motion to Reconsider Detention<br><br><br>With Oral Argument<br>July 23, 2025, at 2:30 p.m. |

Mr. Iraheta-Mercado respectfully requests reconsideration of the Court's oral order granting the United States' motion for detention. *See* ECF No. 18, *Minute Entry*. The Court's intervening order in *U.S. v. Hatfield*, 2:25-cr-113-RLP-3, by which the Court released Mr. Hatfield on conditions, provides an important and substantive basis on which to re-examine Mr. Iraheta-Mercado's case. After careful review, Mr. Iraheta-Mercado's case in fact presents the *stronger of the two cases for release* as it concerns each of the key 18 U.S.C. §3142 factors.

Nature and Circumstances of the Offense. One of the Court's concerns at Mr. Iraheta-Mercado's hearing was that violence is never an acceptable response to officers attempting to do their respective jobs. Fair point. Yet, that is the essence of both cases; they each allege violence against federal officers and carry the same substantial penalties. However, unlike the spontaneous circumstances of Mr. Iraheta-Mercado's case, the nature of the allegations against Mr. Hatfield is that he knowingly, purposefully *conspired* and organized with others to interfere with ongoing government business. *See* Exhibit A, *Audio Recording of Hatfield Detention Hearing* at appx. 3:45 (government describes defendant's actions as "deliberate actions to intimidate and threaten" that spanned "*almost nine hours*"). Hatfield appears to have refused a dispersal order, and in fact is on video "picking up some type of incendiary device and throwing it in the direction of [the agents]." *See* ECF

Nos. 117 and 115 (government's detention exhibits).  The list goes on as to how Mr. Hatfield's case carried *substantially* greater weight on this §3142 factor than did Mr. Iraheta-Mercado's case, such as Hatfield's conduct of concealing his identity, surrounding a federal business office, and essentially detaining federal agents within).

The Court appropriately concluded that even with serious charges of a violent nature, evidence-based conditions provided reasonable assurance of Hatfield's community safety and appearance.  Just as those conditions were sufficient for Mr. Hatfield, so too are they more than sufficient for the lesser (albeit still serious) circumstances of Mr. Iraheta-Mercado's case.

History and Characteristics.  First, Mr. Hatfield presented to the Court with ongoing substance abuse management.  Mr. Iraheta-Mercado, on the other hand, presented with no substance abuse issues whatsoever.  The absence of substance abuse issues substantially reduces the uncertainty of Mr. Iraheta-Mercado's conduct on release.  Second, Mr. Hatfield presented to the Court with "a lack of familial, residential, economic, and employment ties to the community."  *See* ECF No. 117, pg. 7.  Still, the Court found that it could release Mr. Hatfield -- *to another judicial* district.  This ruling compels, *a fortiori*, that Mr. Mercado, with his deep family and life ties to the Wenatchee community, must be allowed to return to his

long-term residence *within this district* (with or without electronic monitoring).  *See U.S. v. Santos-Flores*, 794 F.3d 1088, 1091-92 (9th Cir. 2015; *see also U.S. v. Diaz-Hernandez*, 943 F.3d 1192, 1198-99 (9th Cir. 2019) (a defendant's immigration detainer is not a factor in the individualized assessment required under §3142).

Nature and Seriousness of the Danger to Any Person.  At Mr. Iraheta-Mercado's hearing, the Court expressed concern about what might happen if federal agents again approached Mr. Mercado.  That is a fair question, but Mr. Hatfield's case provides an important check to realize that perhaps we were assuming the worst about Mr. Iraheta-Mercado's future conduct.  After all, with Mr. Hatfield, the Court had someone who appears to have indiscriminately *picked a fight*.  *See* ECF No. 117, pg. 8 ("Defendant engaged in deliberate actions to intimidate law enforcement, threaten and coerce them, and the use of force [sic]").  Just as the Court could fashion conditions for someone who, by the government's suggestion, demonstrated outright hostility toward federal agents, so too can it craft conditions for someone like Mr. Iraheta-Mercado, whose conduct was at most a panicked response to hyperaggressive plainclothes federal agents as they barked competing orders at him in his non-native language and recklessly flagged their pistols at his family.

Motion for Reconsideration
– 3 –

**Conclusion**

Every detention decision is of course individualized.  That said, every detention decision is also relative.  Prior and subsequent cases afford us an important opportunity to ensure that we are remaining true to the command that detention is the carefully limited exception to release.  The Court's order in *Hatfield* appropriate trusts evidence-based conditions of release.  Fidelity to the facts and law means giving Mr. Iraheta-Mercado the same opportunity.

Dated: July 22, 2025

Federal Defenders of Eastern Washington & Idaho
Attorneys for Hector Saul Iraheta-Mercado

s/Justin Lonergan
Justin P. Lonergan, ISB 11161
601 W. Riverside Ave., 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Justin_Lonergan@fd.org

**Service Certificate**

I certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney Ann Wick.

<u>s/Justin Lonergan</u>
Justin P. Lonergan, ISB 11161
601 W. Riverside Ave., Ste. 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Justin_Lonergan@fd.org