FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:25-CR-00116-MKD-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S DETENTION APPEAL |
| vs. | |
| HECTOR SAUL IRAHETA-MERCADO, | **ECF No. 42** |
| Defendant. | |

On September 15, 2025, the Court held a detention appealing hearing in this case. ECF No. 46. Defendant Iraheta-Mercado who was present in custody and was represented by AFD Justin Lonergan. Defendant was assisted by a certified Spanish interpreter. AUSA Ann Wick appeared on behalf of the United States. Defendant appealed the United States Magistrate Judge's detention order on the basis that "he is neither dangerous nor a flight risk." ECF No. 42 at 2. The Court has reviewed the motion and the record, has heard from counsel, and is fully informed. For the reasons stated below, and on the record, the Court denies the motion.

ORDER – 1

## BACKGROUND

In 2006 Defendant pleaded guilty to unlawfully entering the United States at a place other than as designated by Immigration Officers in violation of 8 U.S.C. § 1325(a)(1).  ECF No. 45-1 at 6-7.  On April 21, 2006, Defendant was placed on unsupervised probation for three years.  *Id.*

During the immigration proceedings, Defendant was released on his own recognizance.  *Id.* at 5.  On June 24, 2008, Defendant failed to appear for his removal hearing and was ordered removed in absentia.  *Id.* at 4.

On July 8, 2025, two Deportation Officers initiated a stop of Defendant's vehicle.  ECF No. 2 at 2-3 ¶ 5.  The Officers, who were wearing badges, identified themselves as police, informed Defendant that there was a warrant for his arrest, and asked Defendant to exit the vehicle.  *Id.*  Defendant refused to exit the vehicle.  *Id.*  One Officer reached his arm through the open driver's side window to open the door at which point Defendant rolled up his window trapping the Officer's arm.  *Id.*  Defendant then placed the vehicle in drive with the Officer's arm still trapped in the window.  *Id.*  The Officers drew their weapons and commanded Defendant to turn off the vehicle and release the trapped Officer's arm.  Id. at 3 ¶ 6.  Defendant turned off the vehicle but did not roll down the window.  *Id.*  The Officers used a window punch to break the passenger's and driver's side windows.

ORDER – 2

*Id.* Defendant continued to resist arrest as the Offices removed him from the vehicle and restrained him. *Id.* at 4 ¶ 7.

Defendant was charged with one count of Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b). ECF No. 1.

On July 9, 2025, the United States moved for detention. ECF No. 7. On July 10, 2025, the United States Magistrate Judge held a detention hearing and granted the United States' Motion for Detention. ECF No. 18 at 2; ECF No. 33. On July 22, 2025, Defendant moved for reconsideration. ECF No. 21. Following a detention review hearing on July 28, 2025, ECF No. 34, the United States Magistrate Judge denied Defendant's Motion for Reconsideration. ECF No. 37. Defendant appealed the United States Magistrate Judge's decision to the undersigned District Judge. ECF No. 42.

## LEGAL STANDARD

A district court's review of a detention order under 18 U.S.C. § 3145(a) is de novo. *See United States v. Rodriguez-Morales*, No. 18-CR-85, 2018 WL 10721074, at *1 (E.D. Wash. June 5, 2018).

A court considers four factors in determining whether there are conditions of release that will reasonably assure a defendant's appearance as required and the safety of any other person and the community: the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history

ORDER – 3

and characteristics, and the nature and seriousness of the danger to any persons or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  The court shall order the defendant to be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community.  18 U.S.C. § 3142(f); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citation omitted).

## DISCUSSION

The United States contends that Defendant poses a risk of nonappearance and flight, which cannot be mitigated through conditions of release, and that Defendant poses a risk to community safety.  ECF No. 45 at 5-6.  The Court considers the relevant factors in turn.

First, the nature and circumstances of the offense weigh in favor of detention.  Defendant was pulled over by Deportation Officers and refused to comply with their directives to exit the vehicle.  ECF No. 2 at 2-3 ¶ 5.  When one of the Officers reached through the window to open the car, Defendant pinned his arm in the window and put the vehicle in drive, endangering the Officer.  *Id.* Defendant also continued to physically resist the Officers when they removed him from the vehicle.  *Id.* at 3 ¶ 6.  Defendant's refusal to comply with lawful authority

ORDER – 4

and his willingness to physically resist arrest poses a risk to himself, law enforcement officers, and bystanders.  Thus, this factor weighs in favor of detention.

Second, the weight of the evidence against Defendant weighs in favor of detention, as the incident is recorded on video.  *See* ECF No. 19.

Third, Defendant's history and characteristics weigh in favor of detention. Defendant was born in El Salvador and appears to have lived in Eastern Washington for many years.  ECF No. 17 at 1-2.  Defendant has two biological teenage children and has worked as mechanic for a number of years.  *Id.* at 2.  In 2006, Defendant pleaded guilty to unlawfully entering the United States in violation of 8 U.S.C. § 1325(a)(1).  *Id.*; ECF No. 45-1 at 6-7.  In 2008, he failed to appear for his removal hearing and was ordered removed in absentia.  ECF No. 45-1 at 4.  Based on Defendant's prior failure to appear for his removal hearing and his behavior in this case, Defendant appears determined to avoid arrest and immigration proceedings.  This factor weighs in favor of detention.

Fourth, the nature and seriousness of the danger to any persons or the community that would be posed by Defendant's release, also weighs in favor of detention.  As demonstrated by the circumstances in this case, Defendant has shown he is willing to use a vehicle as a weapon and to risk his own life, as well as the lives of law enforcement officers and bystanders to avoid detention.  There is a

ORDER – 5

risk that if released Defendant would flee or again actively resist arrest in a manner that endangers those involved and innocent bystanders. Thus, this factor weighs in favor of detention.

Upon de novo review, the Court finds that the United States has shown by preponderance of the evidence that there are no conditions that will reasonably assure Defendant's appearance as required and by clear and convincing evidence that there are no conditions that will assure the safety of the community, as required by 18 U.S.C. § 3142(f).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for 18 U.S.C. § 3145 Review of Magistrate's Detention Order, **ECF No. 42** is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.

DATED September 24, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 6