Carter Powers Beggs
*Trial Attorney*
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Hector Iraheta-Mercado

United States District Court
Eastern District of Washington
Honorable Mary K. Dimke

| | |
|---|---|
| United States, Plaintiff, | No. 2:25-cr-00116-MKD |
| v. | First Motions *in Limine* |
| Hector Iraheta-Mercado, Defendant. | February 4th, 2026 – 10:00 a.m.<br>Spokane—with oral argument |

Hector Iraheta-Mercado submits the following two motions *in Limine* in advance of his March 9th, 2026 trial date.

## I. MOTIONS IN LIMINE

### A. The Government's witnesses should be precluded from using the term "Alien".

Although the Government's witnesses list has not yet been disclosed, Mr. Iraheta-Mercado reasonably expects that witnesses from federal immigration enforcement will be called, including the alleged victim Officer Jamie Waite. Mr. Iraheta-Mercado is concerned that during their testimony, these witnesses may refer to Mr. Iraheta-Mercado as an "alien". While "alien" is a term of art in the immigration system, it also has sharply negative and pejorative connotations. As a result, the use of the word before the jury—either in direct reference to Mr. Iraheta-Mercado or to noncitizens in general—would violate his right to a fair trial.

Commentators have long recognized that the term "alien" is an inherently prejudicial term, carrying connotations of hostility, illegality, and strangeness.[1] In response, both the Supreme Court and the 9th Circuit have replaced the term with

---

[1] *See, e.g.*, Hiroshi Motomura, Immigration Law After a Century of Plenary Power: Phantom Constitutional Norms and Statutory Interpretation, 100 YALE L.J. 545, 547 n.4 (1990) (noting that the term has a "distancing effect and a somewhat pejorative connotation"); Keith Cunningham-Parmeter, Alien Language: Immigration Metaphors and the Jurisprudence of Otherness, 79 FORDHAM L. REV. 1545, 1570.

"noncitizen" in its orders.[2] In administrations past, the federal government also limited its usage of the term: in 2016 the Library of Congress announced it would ease using it to describe noncitizens, and the Department of Homeland Security stopped using the word in some contexts, including eliminating it from "green cards" (permanent residency cards).[3]

Mr. Iraheta-Mercado's concerns are not rooted in empty political correctness or virtue signaling. Studies have scientifically demonstrated the negative connotation of the word "alien" in quantifiable terms. *See* D. Carolina Nuñez, *War of the Words: Aliens, Immigrants, Citizens, and the Language of Exclusion*, 2013 B.Y.U. L. REV. 1517 (2014). In everyday usage the word "alien" is strongly associated with words connoting "criminality, invasion, and otherness". *Id.* at 1519. Compared to the neutral term "immigrant," the three words most associated with "alien" were "criminal", "illegal", and "other". *Id.* at 1537.

[2] *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[3] *See* Steve Padilla and Selene Rivera, *Library of Congress to Stop Using Term 'illegal alien'*, Los Angeles Times (Apr. 3, 2016); New York Times Editorial Board, *Time to Retire Word "Alien"*, THE NEW YORK TIMES (explaining that United States Citizenship and Immigration Services has removed the word from some documents).

Courts have long held that the use of pejorative words may inflame juries and imperil the defendant's right to a fair trial. *See Comer v. Schriro*, 480 F.3d 960 (9th Cir. 2007) (condemning prosecutor's use of "dehumanizing epithets" to refer to the defendant); *U.S. v. Doe*, 903 F.2d 16, 27–28 (D.C. Cir.1990) (prosecutor′s statement that "Jamaican[s][are]... coming in and they′re taking over" and repeated references to "they" and "them" in a drug case involving Jamaican defendants was improper where evidence was not "overwhelming"); *Darden v. Wainwright*, 477 U.S. 168 (1986) (finding improper a reference to the defendant as an "animal," although declining to reverse on harmlessness grounds). Just as with the terms used in these cases, repeated use of the word "alien" before the jury "may trigger prejudiced responses in the listeners that the speaker might neither have predicted nor intended." *McFarland v. Smith*, 611 F.2d 414, 417 (2d Cir. 1979).

The word "alien" is a dehumanizing and prejudicial term. Courts across the country and all the way up to the Supreme Court have distanced themselves from it. This Court should join them. Accordingly, Mr. Iraheta-Mercado respectfully requests that the court enter an order precluding the witnesses from using the term "alien" before the jury.

**B. The Government's witnesses should be precluded from referring to Officer Jamie Waite as a "Victim".**

Referring to Officer Waite as a victim violates Rule 403, invades the province of the jury, presupposes facts in evidence, and deprives Mr. Iraheta-Mercado from a fair trial. A "victim" is defined as "a person harmed by a crime, tort, or other wrong". *See Black's Law Dictionary*, 8th Edition, 2004. Until the jury reaches a verdict, it will be an open question whether any crime, tort, or wrong, occurred. As a result, referring to Officer Waite as a victim in a case where a core issue at trial is whether a crime has been committed, is prejudicial and invades the province of the jury. *See United States v. Sena*, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021).

To allow Officer Waite to be referred to as a victim "'encourage[s] the jury to find guilt from improper reasoning'..due to the implication that a crime has already been committed by [the] Defendant." *United States v. August*, 590 F. Supp. 3d 972, 976 (W.D. Tex. 2022) (quoting *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005)). For the above reasons, Mr. Iraheta-Mercado respectfully requests the court enter an order precluding the witnesses from referring to Officer Waite as a "victim" in front of the jury.

Dated: January 16, 2026.

Federal Defenders of E. Washington & Idaho
Attorney for Hector Iraheta-Mercado

s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org

**Service Certificate**

I certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Ann Wick.

s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org