Todd Blanche
Deputy Attorney General of the United States
Ann T. Wick
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR SAUL IRAHETA-MERCADO,<br><br>Defendant. | Case No. 2:25-CR-116-MKD<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION RE: SCOPE OF ADMINISTRATEIVE WARRANT (ECF NO. 62)<br><br>Date: February 4, 2026, at 10:00 a.m.<br>With Oral Argument |

Plaintiff, United States of America, by and through and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Response to Defendant's Motion in Limine/Motion for Miscellaneous Reliefe – Scope of Administrative Warrant, ECF No. 62. For the reasons presented herein, the Court should deny the Motion.

**Summary**

Defendant is requesting the Court instruct the jury in this case of five facts and/or legal conclusions bearing on the lawfulness of Defendant's arrest pursuant to an administrative warrant. ECF No. 62 at 2-3. The requested instructions are in furtherance of a defense of "self defense or defense of others in response to unlawful force by the officers." ECF No. 62 at 1. Because Defendant cannot make a threshold showing as to an "honest mistake" as to the identity of the officers effectuating his

arrest, particularly the officer whose arm Defendant pinned in the vehicle's driver's window, Defendant is not entitled to instructions regarding self-defense or defense of others, including in response to "unlawful force by the officers." The requested instructions are therefore irrelevant and likely to confuse the jury and should not be given. *See* Fed. R. Evid. 401, 402, 403. Secondarily, limitations on execution of an administrative immigration warrant at a residence do not extend to vehicles; any expectation of privacy Defendant had in his vehicle is outweighed under Fourth Amendment reasonableness analysis.

**Argument**

1. Defendant is only entitled to instructions regarding self-defense or defense of others, in response to allegedly unlawful force by officers, if he makes a sufficient showing of "an honest mistake of fact" about the victim's identity as an officer.[1] *See United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (quoting *United States v. Feola*, 420 U.S. 671, 684 (1975)); *see also United States v. Span*, 75 F.3d 1383, 1388–89 (9th Cir. 1996) (noting that "the *Feola* defense requires ignorance of the fact that the 'victims' are officers"). "[A] person does not have the right to resist arrest . . . ." *See United States v. Willfong*, 274 F.3d 1297, 1301 (9th Cir. 2001). Because the uncontested facts of this case do not support an "honest mistake" about the identity of the officer Defendant pinned to his car, Defendant is therefore not entitled to instructions regarding alleged excessive force.

2. Regardless of the validity of any self-defense claim, whether the warrant of arrest being executed was signed by a judge or an authorized immigration officer is of no consequence to Defendant's guilt of the charged offense of assault on an officer, in violation of 18 U.S.C. § 111. There is no contest that the arresting officers were acting in furtherance of a legitimate warrant of arrest. Furthermore, Defendant has not even proffered facts that suggest Defendant's arrest was anything other than "within

[1] The United States hereby incorporates its arguments to this end set forth in its Motion in Limine, ECF No. 60.

[Officer Waite's] agency's overall mission" and not "a personal frolic." *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) (upholding "official duties" instruction providing that: "the test" for determining whether officer is "[e]ngaged in the performance of official duties" is "whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own").

3. Whether or not the warrant authorizes immigration officers to enter a residence to execute said warrant is irrelevant to Defendant's guilt, as no one entered a residence to arrest Defendant.

4. Defendant did not have a reasonable expectation of privacy in his vehicle such that officers were prohibited from entering his vehicle to effectuate Defendant's arrest. Accepting for purposes of litigating this Motion[2] that immigration officers may not enter a residence to execute an "administrative arrest warrant issued by an executive official," *Kidd v. Mayorkas*, 734 F.Supp.3d 967, 979 (C.D.Ca. 2024), the United States has not found any authority that suggests this rule extends to vehicles.

To the contrary, and as conceded by Defendant (ECF No. 62 at 8-9), it is long-established that a "motorist's privacy in his vehicle is less substantial than in his home." *Arizona v. Gant*, 556 U.S. 332, 344-45 (2009). This is consistent with long-

---

[2] *But see Abel v. U.S.*, 362 U.S. 217 (1960) (reviewing search incident to arrest where I.N.S. agents entered hotel room in which the alien was residing pursuant to an administrative Immigration Service warrant but where the location of the arrest was not challenged as unlawful). *See also United States v. Grey*, 959 F.3d 1166, 1177 (9th Cir. 2020) (discussing and collecting cases on administrative searches, noting exception to "usual warrant or probable cause requirements" where searches "meet "reasonable legislative or administrative standards) (internal quotation omitted); *United States v. Cisneros*, 2021 WL 5908407 at *3 (N.D.Ca. December 14, 2021) (noting "over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens" and collecting cases wherein administrative warrants and "even suspicionless administrative searches and seizures have been upheld) (internal quotation and citations omitted).

standing authority that officers may stop a vehicle and its occupants upon reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1 (1968). This is also in keeping with long-standing authority permitting warrantless searches of vehicles upon probable cause or for community caretaking purposes. *See, e.g., Carroll v. United States, 267 U.S. 132, 156 (1925; South Dakota v. Opperman,* 428 U.S. 364 (1976); *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). The probable cause required "is not a high bar and requires only a probability or substantial chance of criminal activity." *United States v. Talley*, 467 F.Supp.3d 832, 835 (N.D.Ca. 2020) (internal citation and quotation omitted).

In this case, officers had a lawful warrant to arrest Defendant, albeit one signed by a designated executive official. Under these circumstances, having conducted surveillance and investigation of Defendant such that officers had ample reason to believe the driver of the vehicle was, in fact, Defendant, the arrest of Defendant from his vehicle was reasonable under the Fourth Amendment. As is always the case with Fourth Amendment analysis, the lawfulness of the search turns on its reasonableness. The limited privacy right in a vehicle does not outweigh the legitimate government interests in enforcing lawful arrest warrants; and the manner in which the officers contacted Defendant and attempted to effectuate his arrest was reasonable.

5. Deportation Officer Waite did not exceed the authority of the warrant when he reached into Defendant's vehicle to open the door and effectuate Defendant's arrest. Again, limitations upon non-consensual entry into a home to enforce an administrative immigration warrant do not extend to a vehicle. Officer Waite's actions in reaching through the open window to open the driver's door and/or turn off the vehicle are reasonable under the Fourth Amendment.

6. Whether or not Defendant had a legal duty to comply with officer directives to exit the vehicle is not required to prove or negate Defendant's guilt of the charged offense. If any instruction is to be given about Defendant's duty, it would be

the opposite: "[A] person does not have the right to resist arrest . . . ." *See United States v. Willfong*, 274 F.3d 1297, 1301 (9th Cir. 2001).

Dated: January 26, 2026.

Todd Blanche
Deputy Attorney General of the United States

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney