Todd Blanche
Deputy Attorney General of the United States
Ann T. Wick
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR SAUL IRAHETA-MERCADO,<br>Defendants. | Case No.: 2:25-CR-116-MKD<br><br>**UNITED STATES' PROPOSED JURY INSTRUCTIONS** |

The United States submits the following proposed jury instructions, in addition to the Court's standard instructions. The United States respectfully requests leave to submit such additional or supplemental instructions as may be deemed necessary prior to or during the trial of this case.

The United States provided a draft of instructions and verdict form to Defendants' counsel via email and inquired as to objections.

Respectfully submitted this 23rd day of February 2026.

Todd Blanche
Deputy Attorney General of the United States
*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**JURY INSTRUCTIONS TABLES**

| # | Title | Source | Proposed By | Objection | Response to Objection |
|---|---|---|---|---|---|
| **1** | Counts Charged | Indictment | U.S. | | |
| **2** | Assault on a Federal Officer | 18 U.S.C. § 111(a)(1), (b); 9th Cir. 8.2 | U.S. | | |
| **3** | On or About – Defined | 9th Cir. 6.18 | U.S. | | |
| **4** | Defendant's Prior Statements | 9th Cir. 3.1 | U.S. | | |
| **5** | Punishment Not to be Considered | 9th Cir. 6.22 | U.S. | | |
| **6** | Proof Beyond a Reasonable Doubt | 9th Cir. 6.5 | U.S. | | |
| **7** | Direct and Circumstantial Evidence | 9th Cir. 6.8 | U.S. | | |
| **8** | Credibility of Witnesses | 9th Cir. 6.9 | U.S. | | |
| **9** | Defendant's Decision Not to Testify | 9th Cir. 6.3 | U.S. | | |
| **10** | Defendant's Decision to Testify | 9th Cir. 6.4 | U.S. | | |
| **11** | Activities Not Charged | 9th Cir. 6.10 | U.S. | | |
| **12** | | | | | |
| **13** | | | | | |
| | Verdict Form | | U.S. | | |
| | | | | | |

JURY INSTRUCTION NO. 1

The Indictment

It is charged in the Indictment:

On or about July 8, 2025, in the Eastern District of Washington, the Defendant, HECTOR SAUL IRAHETA-MERCADO, did forcibly assault, resist, oppose, impede, intimidate, and interfere with J.W. while J.W. was employed as a Deportation Officer with Immigration and Customs Enforcement, and while J.W. was engaged in and on account of the performance of J.W.'s official duties, and in doing so inflicted bodily injury upon J.W., all in violation of 18 U.S.C. § 111(a)(1), (b).

Indictment, ECF No. 24.

JURY INSTRUCTION NO. 2

Assault on Federal Officer Which Inflicts Bodily Injury
(18 U.S.C. § 111)

The defendant is charged in the Indictment with assault on a federal officer in violation of Section 111 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted J.W.;

Second, the defendant did so while J.W. was engaged in, or on account of his official duties; and

Third, the defendant inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A Deportation Officer is a federal officer. To determine whether J.W. was engaged in his official duties, the government must prove that J.W. was acting within the scope of his employment, that is, that J.W.'s actions fell within his agency's overall mission, in contrast to engaging in a personal frolic of his own.

The government is not required to prove that the defendant knew that J.W. was a federal officer.

Bodily injury means a cut, abrasion, bruise, disfigurement, physical pain, or any other injury to the body, no matter how temporary.

Model Crim. Jury Instr. 9th Cir. 8.2; *United States v. Feola*, 420 U.S. 671 (1975); *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018); 18 U.S.C. § 1365(h)(4)

JURY INSTRUCTION NO. 3

On or About – Defined

The Indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.

Model Crim. Jury Inst. 9th Cir. 6.18 (2022).

JURY INSTRUCTION NO. 4

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9th Cir. Model Crim. Jury Instr. 3.1 (2024)

JURY INSTRUCTION NO. 5

Punishment Not to be Considered

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt.

Model Crim. Jury Instr. 9th Cir. 6.22 (2022).

JURY INSTRUCTION NO. 6

Proof Beyond a Reasonable Doubt

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the United States prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Model Crim. Jury Instr. 9th Cir. 6.5 (2022)

JURY INSTRUCTION NO. 7

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Model Crim. Jury Instr. 9th Cir. 6.8 (2022)

JURY INSTRUCTION NO. 8

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9th Cir. Crim. Jury Instr. 6.9 (2024)

JURY INSTRUCTION NO. 9

Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

9th Cir. Model Jury Instruction 6.3 (2022)

JURY INSTRUCTION NO. 10

Defendant's Decision to Testify

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

9th Cir. Model Jury Instruction 6.4 (2022)

JURY INSTRUCTION NO. 11

Activities Not Charged

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

9th Cir. Model Jury Instruction 6.10 (2022)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HECTOR SAUL IRAHETA-MERCADO,

Defendant.

No. 2:25-CR-116-MKD

VERDICT

COUNT 1

WE, THE JURY in the above-captioned case, find the defendant,

HECTOR SAUL IRAHETA-MERCADO ________________ *Guilty/ Not Guilty*

of the offense of Assault on a Federal Officer, in violation of 18 U.S.C. § 111.

DATED this _______ day of ______________, 2026.

________________________________
PRESIDING JUROR