Todd Blanche
Deputy Attorney General of the United States
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR SAUL IRAHETA-MERCADO,<br><br>Defendant. | Case No. 2:25-CR-00116-MKD<br><br>UNITED STATES' TRIAL BRIEF |

Plaintiff, United States of America, by and through, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits the following trial brief.

## I. STATUS OF THE CASE

A. A jury trial is scheduled to commence at 8:30 a.m., on March 9, 2026.

B. Estimated time for the Government's case in chief for trial is one day, excluding jury selection.

C. The Defendant is detained pending trial. *See* ECF No. 37.

D. The Indictment, ECF No. 24, provides as follows:

> On or about July 8, 2025, in the Eastern District of Washington, the Defendant, HECTOR SAUL IRAHETA-MERCADO, did forcibly assault, resist, oppose, impede, intimidate, and interfere with J.W. while J.W. was employed as a Deportation Officer with Immigration and Customs Enforcement, and while J.W. was engaged in and on account of the performance of J.W.'s official duties, and in doing so inflicted bodily injury upon J.W., all in violation of 18 U.S.C. § 111(a)(1), (b).

## II. WITNESSES

A. Immigration and Customs Enforcement Deportation Officer Jaime Waite

B. Homeland Security Investigations Special Agent in Training Andrew Johnson

The United States notes that Defendant has indicated an intention to call an expert witness to potentially testify about "perceptual and cognitive distortions that occur during high stress/threat situations."[1] To date, the United States has not received an expert witness disclosure that comports with Rule 16 and intends to file a Motion to Exclude such expert testimony both procedurally and substantively. Should the Court nevertheless allow the testimony of this witness, the United States may seek to present a rebuttal expert witness. Such government witness has not yet been identified, on the limited information that has been received thus far.

## III. EXHIBITS

The United States anticipates offering for admission the exhibits detailed in the United States Exhibit List, filed contemporaneously. Those exhibits include a video

[1] The defense provided this information in an email dated February 17, 2026, wherein the name of the potential witness was provided, as well as a brief summary (a paragraph) of the potential testimony, including the portion quoted above. As the defense represented in the email, the United States understands the summary provided to be a proffer and not the final opinions of the proposed witness.

recording captured by one of Defendant's passengers, photographs of the vehicles which DO Waite and DO Johnson were driving when arresting Defendant, photographs of DO Waite's badge, and certified copies of Defendant's driver's license information and photograph. The United States anticipates that admission of the video will be stipulated to by the parties, based on communications with the defense. The parties intend to discuss additional stipulations to both government and defense exhibits in advance of the pretrial conference scheduled for February 25, 2026.

## IV. SUMMARY OF GOVERNMENT'S EVIDENCE

On July 8, 2025, Immigration and Customs Enforcement (ICE) Deportation Officer (DO) Andrew Johnson was conducting surveillance on the residence at which Defendant resided and observed Defendant leaving the residence in a vehicle. Defendant was subject to arrest in relation to an order of removal. DO Jaime Waite responded to the area and initiated a vehicle stop of Defendant. DO Johnson arrived shortly thereafter. Both officers were wearing a law enforcement badge and driving a vehicle with emergency lights activated.

Upon contact with Defendant, DO Waite identified himself as law enforcement and requested Defendant's identification, which Defendant provided. After DO Waite showed DO Johnson Defendant's identification, Defendant was asked out of the vehicle to speak further with the officers. Defendant refused. Defendant was advised of the warrant for his arrest; he continued to refuse. DO Waite reached through the open driver's window, but before he was able to open the door, Defendant closed the

window on DO Waite's arm, pinning the officer to the vehicle and causing injury, including bruising. Defendant then started the vehicle and put it in drive.

After several tense moments, during which officers ordered Defendant to turn off the vehicle and release DO Waite's arm, DO Johnson broke the front passenger window. The officers gained entry and removed Defendant from the vehicle. Even while being placed in handcuffs, Defendant resisted officers' efforts.

## V. ELEMENTS

The elements of assault on a federal officer are:

First, on or about July 8, 2025, in the Eastern District of Washington, the defendant forcibly assaulted Jaime Waite;

Second, the defendant did so while Jaime Waite was engaged in, or on account of, his official duties; and

Third, the defendant inflicted bodily injury.

*See* Ninth Circuit Model Criminal Jury Instruction 8.2.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm. *Id*.

A reasonable apprehension of immediate bodily harm is determined with reference to a reasonable person aware of the circumstances known to the victim, not with reference to all circumstances, including circumstances unknown to the

victim. *Id*. (citing *United States v. Acosta-Sierra*, 690 F.3d 1111, 1121 (9th Cir. 2012).

**A. A Deportation Officer's status as a federal officer**

While the jury must determine that Jaime Waite was an ICE Deportation Officer and engaged in his official duties on July 8, 2025, the Court determines as a matter of law that Deportation Officers, as a class, qualify as federal officers. *Cf. United States v. Janis*, 810 F.3d 595, 598 (8th Cir. 2016) (noting, in the context of tribal law enforcement, that "the court should decide as a matter of law whether the officers of the relevant tribal law enforcement department, as a class, qualify as federal officers").

As a matter of law, a Deportation Officer's status as a federal officer is a legal matter for the Court, not a factual question for the jury. *Cf. United States v. Sohappy*, 770 F.2d 816, 822 n.6 (9th Cir. 1985) ("The issue of what constitutes Indian country is properly a matter for the judge and not the jury."). The jurisdictional fact questions for the jury are whether Jaime Waite was a Deportation Officer and engaged in his official duties on July 8, 2025. *Cf. United States v. Gipe*, 672 F.2d 777, 779 (9th Cir. 1982) (noting that "the court may determine as a matter of law the existence of federal jurisdiction over the geographic area, but the locus of the offense within that area is an issue for the trier of fact"); *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014) (finding that the district court "correctly instructed the jury to determine

whether the Defendants *used* an instrumentality of interstate commerce . . . in committing the crime") (emphasis in original).

Deportation Officers' authority derives largely from the Immigration and Nationality Act, which authorizes immigration officers to investigate violations of, and enforce, including with arrest powers, immigration laws. *See* 8 U.S.C. § 1357; *see also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (holding that officer's actions, including arrest and detention of Gupta, arose from a "decision or action to commence proceedings, adjudicate cases, or execute removal orders"). The United States accordingly intends to request that – in the elements instruction – the Court instruct the jury that a "Deportation Officer is a federal officer."

**B. Definition of "official duties"**

The United States anticipates requesting that the Court define "official duties" as outlined in *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018): "To determine whether J.W. was engaged in his official duties, the government must prove that J.W. was acting within the scope of his employment, that is, that J.W.'s actions fell within his agency's overall mission, in contrast to engaging in a personal frolic of his own."

**C. Knowledge of status as federal officer**

Barring a prima facie showing of self-defense, *see* ECF No. 60 at 1–2, the United States does not have to prove that Defendant knew that DO Waite was a federal officer. *See United States v. Feola*, 420 U.S. 671 (1975). Assuming Defendant does not present a prima facie claim of self-defense, the United States anticipates

requesting the following instruction: "The government is not required to prove that the defendant knew that Jaime Waite was a federal officer."

**D. Bodily Injury**

The United States has to prove that bodily injury was inflicted, not that Defendant intended to inflict bodily injury. *See United States v. Garcia-Camacho*, 122 F.3d 1265, 1269 (9th Cir. 1997). While bodily injury is not defined in § 111, 18 U.S.C. § 113 (housed within the same chapter as § 111) references 18 U.S.C. § 1365(h) for the definition of "serious bodily injury." *See* 18 U.S.C. § 113(b)(2). As § 1365(h) also contains a definition for "bodily injury," the United States anticipates requesting the following instruction regarding the definition of "bodily injury": "Bodily injury means a cut, abrasion, bruise, disfigurement, physical pain, or any other injury to the body, no matter how temporary."

## VI. STIPULATIONS AND AGREEMENTS

The United States and Defendant have stipulated to the admissibility of Government's Exhibit No. 4. The United States anticipates reaching additional stipulations regarding exhibits this week.

## VII. EVIDENTIARY ISSUES

**A. Defendant's Statements**

A defendant's statement is admissible if offered against him, but a defendant may not present his own prior statements. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). The Government intends to

introduce the Defendant's out-of-court statements from July 8, 2025. The statements are relevant to the issue of what Defendant understood and communicated relating to the charged crime.

**B. Character Evidence of Defendant**

Defendant has indicated an intent to introduce evidence of Defendant's general good character, specifically noting in briefing Defendant's "long history of peaceful residency in the United States" and "long residence in the United States." ECF No. 63 at 4-5. Defendant asserts that such evidence is relevant to Defendant's "intent during the interaction" with law enforcement and "his affirmative self-defense claim." *Id*. The United States contends that such evidence is impermissible character evidence, having no "tendency to make a fact" that "is of consequence in determining the action" "more or less probable than it would be without the evidence." *See* ECF No. 60; Fed. R. Evid. 401. How long Defendant has resided, or not, in the United States, with or without law enforcement contacts, with or without employment, and so on, does not tend to prove the lack of necessary intent for Defendant to be guilty of assaulting DO Waite. Rather, the evidence is likely to play to the sympathies of the jury and should be excluded pursuant to Federal Rule of Evidence 402.

**C. *Giglio* Information**

The United States has turned over to the defense information pursuant to the Court's Order at ECF No. 81. The United States is preparing a motion in limine and has so advised the defense. None of the information contains an allegation of

untruthfulness or lack of candor pertaining to a government witness in this case, nor does the material otherwise bare on the credibility of Special Agent Johnson. As such, the defense should be precluded from introducing the subject matter of this information.

Dated: February 23, 2026.

Todd Blanche
Deputy Attorney General of the United States

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney