Carter Powers Beggs
*Trial Attorney*
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Hector Iraheta-Mercado

United States District Court
Eastern District of Washington
Honorable Mary K. Dimke

United States,

Plaintiff,

v.

Hector Iraheta-Mercado,

Defendant.

No. 2:25-cr-00116-MKD-1

Proposed Jury Instructions

The Government has provided the defense with its proposed jury instructions No. 1-10. Mr. Iraheta-Mercado has only one objection to the Government's proposed jury instructions which largely follow the model instructions: Government's Jury Instruction 7, which has been modified below to include the entirety of the 9th Circuit's suggested language. Apart from this, Mr. Iraheta-Mercado incorporates the Government's proposed instructions as his own. In addition to the Government's proposed jury instructions, Mr. Iraheta-Mercado has additional jury instructions provided below. The below jury instructions were submitted by email to the United States for their position.

| # | Title | Source | Proposed by | Objection | Response |
|---|---|---|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 9th Cir. 6.1 | Defense | | |
| 2 | Indictment is Not Evidence | 9th Cir. 6.2 | Defense | | |
| 3 | Direct and Circumstantial Evidence | 9th Cir. 6.8 | Defense | Govt. provided own | |
| 4 | Expert Witness Opinion | 9th Cir. 3.14 | Defense | | |
| 5 | Resisting Arrest | 9th Cir. 8.1, comment; *Chapman* | Defense | | |
| 6 | Self-Defense - Identity | 9th Cir. 8.3, 6.27 (modified) | Defense | | |
| 7 | Self-Defense – Excessive Force | 9th Cir. 5.10 (modified), cited case law. | Defense | | |
| 8 | Duty to Deliberate | 9th Cir. 6.19 | Defense | | |
| 9 | Consideration of Evidence | 9th Cir. 6.20 | Defense | | |
| 10 | Use of Notes | 9th Cir. 6.21 | Defense | | |
| 11 | Verdict Form | 9th Cir. 6.23 | Defense | | |
| 12 | Communication with Court | 9th Cir. 6.24 | Defense | | |

PROPOSED JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

9th Cir. Model Crim. Jury Instr. 6.1 (2024)

PROPOSED JURY INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

9th Cir. Model Crim. Jury Instr. 6.2 (2017)

PROPOSED JURY INSTRUCTION NO. 3 (Government No.7)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

9th Cir. Model Crim. Jury Instr. 6.8 (2017)

PROPOSED JURY INSTRUCTION NO. 4

You have heard testimony from Laurence Miller, who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Model Crim. Jury Instr. 3.14 (2024) (modified)

PROPOSED INSTRUCTION NO. 5

Resisting arrest is not an assault.

Ninth Circuit Model Jury Instruction 8.1, comment; *U.S. v. Chapman*, 528 F.3d 1215, 1219-21 (9th Cir. 2008).

PROPOSED INSTRUCTION NO. 6

The defendant, Hector Iraheta-Mercado, asserts that he acted in self-defense. It is a defense to the charge if (1) Hector Iraheta-Mercado did not know that Jaime Waite was a federal officer, (2) Hector Iraheta-Mercado reasonably believed that use of force was necessary to defend oneself or another against an immediate use of unlawful force, and (3) Hector Iraheta-Mercado used no more force than reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt, with all of you agreeing, that either (1) Hector Iraheta-Mercado knew that Jaime Waite was a federal officer, or (2) that Hector Iraheta-Mercado did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) that Hector Iraheta-Mercado used more force than appeared reasonably necessary in the circumstances.

If you have a reasonable doubt whether or not Hector Iraheta-Mercado acted in self-defense, your verdict must be not guilty.

Ninth Circuit Model Criminal Jury Instruction No. 8.3 (modified); 6.27, comment *U.S. v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008).

PROPOSED INSTRUCTION NO. 7

If you find the government has proved beyond a reasonable doubt that Hector Iraheta-Mercado knew Jaime Waite was a federal officer, Hector Iraheta-Mercado could still have acted in self-defense based on excessive force used by Jaime Waite.

Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. Excessive force is unlawful force. Therefore, a person has a right to resist an officer who uses excessive force. In determining whether an officer uses excessive force you are to consider the totality of the circumstances, not just the moment in which the officer uses force.

However, a person must use no more force than appears reasonably necessary under the circumstances.

Force likely to cause death or great bodily harm is justified in self-defense if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

The government must prove beyond a reasonable doubt, with all of you agreeing, that Hector Iraheta-Mercado did not act in reasonable self-defense. If you have a reasonable doubt whether or not Hector Iraheta-Mercado acted in self-defense, your verdict must be not guilty.

Model Criminal Jury Instruction No. 5.10 (modified); 8.3, comment; 6.27, comment; *U.S. v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018); *U.S. v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992); *Barnes v. Felix*, 605 U.S. 73, 80 (2025).

PROPOSED JURY INSTRUCTION NO. 8

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

9th Cir. Model Crim. Jury Instr. 6.19 (2024)

PROPOSED JURY INSTRUCTION NO. 9

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. Model Crim. Jury Instr. 6.20 (2020)

PROPOSED JURY INSTRUCTION NO. 10

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9th Cir. Model Crim. Jury Instr. 6.21 (2022)

PROPOSED JURY INSTRUCTION NO. 11

A verdict form has been prepared for you. The verdict form will ask you to find the defendant not guilty or guilty of assault on a federal officer. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

9th Cir. Model Crim. Jury Instr. 6.23 (2022)

PROPOSED JURY INSTRUCTION NO. 12

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Model Crim. Jury Instr. 6.24 (2022)

Federal Defenders of E. Washington & Idaho
Attorney for Hector Iraheta-Mercado
s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org

**Service Certificate**

I certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Ann Wick.

s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org