Carter Powers Beggs
*Trial Attorney*
Justin Lonergan
*Trial Attorney*
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Hector Iraheta-Mercado

United States District Court
Eastern District of Washington
Honorable Mary K. Dimke

| | |
|---|---|
| United States,<br><br>Plaintiff,<br><br>v.<br><br>Hector Iraheta-Mercado,<br><br>Defendant. | No. 2:25-cr-00116-MKD-1<br><br>***Motion in Limine***<br><br>May 26, 2026 – 9:00 a.m.<br><br>Spokane—with oral argument |

Mr. Iraheta-Mercado submits the following additional motion in limine preceding his current trial date of June 2nd.

**A. Motion in Limine – Improper Closing Argument**

During closing argument, prosecutors are afforded the ability to "strike hard blows" and argue "reasonable inferences of the evidence." *See United States v. Henderson*, 241 F.3d 638 (9th Cir. 2000), as amended (Mar. 5, 2001)(citing *Berger v. United States,* 295 U.S. 78, 88 (1935). However, these reasonable inferences must still be based on the evidentiary record. *See United States v. Atcheson*, 94 F.3d 1237, 1244 (citing *United States v. Necoechea,* 986 F.2d 1273, 1279 (9th Cir.1993)).

During rebuttal argument, the Government made the following statement:

> The fact that he continued to resist after the fact tells you he was trying to avoid arrest. He was trying to prevent Officer Waite from entering that car to arrest him from the car. I would say on that point -- I think Counsel asked you why. Why would he ask his children to record? I would suggest to you because that's a -- that's a factor that suggests that that's
>
> when he starts to think it might be ICE coming to get him, because he's aware of what's in the news. He's aware of his own status. So, of course, let's record it. And so as he -- again, what he's continuing to do after the assault is completed is further evidence of that intention earlier on in the events.[1]

[1] ECF No. 155 at 43–44 (Transcript of Closing).

Mr. Iraheta-Mercado's awareness of ICE in the news was not a fact in the evidentiary record. No testimony was elicited regarding whether Mr. Iraheta-Mercado was aware of an increase in ICE enforcement during this period, or even whether he watches the news in the first place. As such, to state that Mr. Iraheta-Mercado is "aware of what's in the news" was improper closing argument as it was neither a fact contained in the record nor a reasonable inference from the evidentiary record.

Mr. Iraheta-Mercado expects the evidence to come in at trial in largely the same fashion. He certainly does not expect any evidence of his media consumption habits to be elicited through testimony. Therefore, in an effort to prevent this situation from occurring again, Mr. Iraheta-Mercado respectfully asks the Court rule on the permissibility of this line of closing argument prior to trial.

Dated: April 28, 2026.

Federal Defenders of E. Washington & Idaho
Attorney for Hector Iraheta-Mercado
s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org

**Service Certificate**

I certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Ann Wick.

s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org